IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID ANDREW STEVENSON,**

                    **Petitioner,**

      v.                                    **CASE NO. 18-3054-SAC**

**SAM CLINE,**

                    **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order.

**Background**

Petitioner was convicted in the District Court of Gove County, Kansas, of first-degree murder. *State v. Stevenson*, 298 P.3d 303 (Kan. 2013).

In May 2013, he filed a state post-conviction action under K.S.A. 60-1507. *Stevenson v. State*, 405 P.3d 59 (Table) 2017 WL 5180847 (Kan. App. Nov. 9, 2017). The Kansas Court of Appeals (KCOA) described the background of that matter as follows:

> On May 20, 2013, Stevenson filed a 150-page pro se motion for writ of habeas corpus in which he raised 27 grounds for relief. The district court appointed attorney Charles Worden to represent Stevenson in his 60-1507 motion. Prior to the pretrial conference, Worden filed a pretrial questionnaire, an amended pretrial questionnaire, and a second amended questionnaire on Stevenson's behalf. The second amended questionnaire included additional claims regarding ineffective assistance of counsel based upon the alleged failure of Stevenson's court-appointed trial attorney to investigate and prepare an adequate defense.

> On the day of the pretrial conference, Stevenson filed a pro se pleading entitled "Pro Se Supplement to His K.S.A. 60-1507 Motion Filed on May 20, 2013." In this pleading he raised additional grounds for relief, including *Brady* violations and additional ineffective assistance of counsel claims. [Citation omitted.]
>
> At the pretrial conference, Worden stated that the new claims in the second amended pretrial questionnaire he filed were intended to replace the claims made in Stevenson's original motion. The State objected to Stevenson adding additional claims to his motion through the pretrial questionnaire or supplemental pleadings. The district court granted Stevenson leave to amend his motion to add the new claims but stated that the timeliness of such claims would be determined after the evidentiary hearing.
>
> The district court held an evidentiary hearing on Stevenson's 60-1507 motion on April 20-21, 2015. Stevenson called 14 witnesses; the State called one witness. Both sides admitted several exhibits. After taking the matter under advisement, the district court issued a detailed and comprehensive 28-page order denying Stevenson relief. Specifically, the district court held it did not have jurisdiction over 11 of Stevenson's claims and dismissed them. The court also dismissed five other claims because they were not filed within the required timeframe. On the remaining claims, the district court held that Stevenson did not meet his burden and denied relief.
>
> *Stevenson v. State*, 2017 WL 5180847 *2.

On appeal[1], petitioner raised eight claims of error arising from the denial of relief and also alleged the district court erred in denying his request for DNA testing of the victim's clothing.

The KCOA denied relief on all claims alleging trial error and litigated in the 60-1507 action due to petitioner's failure to include the trial transcript in the record on appeal, as required by the rules of the Kansas Supreme Court. *Stevenson v. State*, *id*. at *3 ("fatal

---

[1] It appears that petitioner commenced that appeal pro se but was later appointed counsel.

to all of Stevenson's alleged trial errors is his failure to include in the record on appeal the transcript of the proceedings surrounding his underlying trial and conviction.").

The KCOA also affirmed the denial of petitioner's request for DNA testing, noting that it had been raised three times in the district court: in the 60-1507 motion, by a motion in the criminal case, and in a post-hearing motion[2]. The KCOA found the first motion was properly denied because the motion did not comply with the requirements of the governing state statute, K.S.A. 21-2512, as it did not allege that the item upon which testing was requested was in the possession of the State and petitioner did not argue that the requested testing for "touch DNA" was reasonably likely to produce more accurate, probative results. *Id*. at *5. The KCOA rejected the argument concerning the motion filed in the criminal case because petitioner had voluntarily withdrawn the motion. *Id.* at **5-6. And the KCOA rejected the claim concerning the post-hearing motion due to petitioner's failure to include the motion in the record on appeal. *Id*. at *6.

Counsel did not file a petition for review, and petitioner's motion for permission to file a pro se petition for review was denied by the Kansas Supreme Court.

## Discussion

A federal habeas court may grant relief only on federal claims that have been properly exhausted by presentation to the state courts.

---

[2] The request was included in a motion captioned as "Motion to Alter Judgment, Motion for DNA Testing, Request for Order of Reenactment of State's Theory, and Motion to Stay Proceedings and Judgment".

*Ellis v. Raemisch*, 872 F.3d 1064, 1091 (10th Cir. 2017)(citng *Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002)). To satisfy this requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including seeking discretionary review in the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)(stating exhaustion is satisfied "if the highest court exercises discretion not to review the case.").

Because petitioner did not complete the final step in the state appellate review process, his habeas claims, which were presented to the state courts in his state post-conviction action, are subject to dismissal due to procedural default.

When a claim has been defaulted in state court on an independent and adequate procedural ground, it ordinarily cannot be considered in the federal habeas corpus action. *Fairchild v. Workman*, 5 79 F.3d 1134, 1141 (10th Cir. 2009). A state procedural ground is considered independent if it is based upon state law rather than federal law, *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014), and adequate if it was "firmly established and regularly followed by the time as of which it is to be applied." *Anderson v. Atty. Gen. of Kansas*, 342 F.3d 1140, 1143 (10th Cir. 2003)(internal quotation marks omitted).

The federal habeas court may consider a procedurally barred claim only if the petitioner shows cause for the failure to present the claim

in state court and actual prejudice as a result of the violation of federal law or that the failure to consider the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, while petitioner cites the ineffective assistance of his post-conviction appellate counsel as cause for the default of his claims (Doc. #5), he cannot rely on that ground, because it is settled that there is no protected right to counsel in such proceedings. *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007)(claim of ineffective assistance by post-conviction counsel was "insufficient to establish cause and prejudice because a criminal defendant is not constitutionally entitled to representation by counsel in state post-conviction proceedings.")(citing *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007).

Accordingly, this matter may proceed only if petitioner can establish that the failure to consider his claims would result in a fundamental miscarriage of justice. To make this showing, petitioner must make a colorable showing of actual innocence. *Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998)(citation omitted). This exception is narrow and is available only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004)(internal citation omitted).

The Court therefore will direct petitioner to show cause why this matter should not be dismissed on the ground that his claims are barred

by his procedural default and to may present any grounds in support of a showing that the failure to consider his claims will result in a fundamental miscarriage of justice. In addition, petitioner may submit an amended petition that presents claims that were properly exhausted in his direct appeal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **May 7, 2018,** to show cause why this matter should not be dismissed due to his procedural default and, if he chooses, to submit an amended petition.

**IT IS SO ORDERED.**

DATED:  This 6th day of April, 2018, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge