# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID ANDREW STEVENSON,

                    **Petitioner,**

        **v.**                             **CASE NO. 18-3054-SAC**

SAM CLINE,

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Background

Petitioner was convicted in the District Court of Gove County, Kansas, of premeditated first-degree murder. *State v. Stevenson*, 298 P.3d 303 (Kan. 2013)("*Stevenson I*").

Approximately one month later, he commenced a state post-conviction action under K.S.A. 60-1507. The Kansas Court of Appeals (KCOA) described the procedural history of that action as follows:

> On May 20, 2013, Stevenson filed a 150-page pro se motion for writ of habeas corpus in which he raised 27 grounds for relief. The district court appointed attorney Charles Worden to represent Stevenson in his 60-1507 motion. Prior to the pretrial conference, Worden filed a pretrial questionnaire, an amended pretrial questionnaire, and a second amended questionnaire on Stevenson's behalf. The second amended questionnaire included additional claims regarding ineffective assistance of counsel based upon the alleged failure of Stevenson's court-appointed trial attorney to investigate and prepare an adequate defense.

On the day of the pretrial conference, Stevenson filed a
pro se pleading entitled "Pro Se Supplement to His K.S.A.
60-1507 Motion Filed on May 20, 2013." In this pleading he
raised additional grounds for relief, including *Brady*
violations and additional ineffective assistance of
counsel claims. *See Brady v. United States*, 397 U.S. 742,
90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

At the pretrial conference, Worden stated that the new
claims in the second amended pretrial questionnaire he
filed were intended to replace the claims made in
Stevenson's original motion. The State objected to
Stevenson adding additional claims to his motion through
the pretrial questionnaire or supplemental pleadings. The
district court granted Stevenson leave to amend his motion
to add the new claims but stated that the timeliness of such
claims would be determined after the evidentiary hearing.

*Stevenson v. State*, 405 P.3d 59 (Table), 2017 WL 5180847
at *2 (Kan. Ct. App. Nov. 9, 2017)("*Stevenson II*").

The state district court denied relief, and petitioner filed an

appeal. He presented nine claims for review. However, the KCOA found

that "fatal to all of Stevenson's alleged trial errors is his failure

to include in the record on appeal the transcript of the proceedings

surrounding his underlying trial and conviction." *Id*. Citing Kansas

case law and Kansas Supreme Court Rule 6.02(a)(4), the KCOA dismissed

the claims of trial error. The KCOA discussed petitioner's claims

concerning the failure of trial counsel to request DNA testing of the

victim's clothing but concluded that the failure to include the motion

in the record on appeal made it impossible to conduct a de novo review

of that issue.

Petitioner filed this action on March 6, 2018. On April 6, 2018,

the Court entered a Notice and Order to Show Cause (NOSC) that directed

petitioner to show cause on or before May 7, 2018, why this matter

should not be dismissed due to his procedural default. The NOSC also

allowed him to submit an amended petition. Petitioner submitted an amended petition, an addendum to the petition, and two responses (Docs. 7-10).

## Discussion

The federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Petitioner asserts that the failure to consider his defaulted claims would result in a fundamental miscarriage of justice. He asserts that he has made a colorable showing of his actual innocence that warrants review of his claims, pointing to the failure of trial counsel to introduce evidence of unanswered calls from his cell phone to that of his father, the victim, on the day of his death and the failure to introduce cell tower records for the two phones at trial. Finally, he notes the failure of his post-conviction appellate counsel to include trial transcripts in the record on appeal, which the KCOA found precluded review.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must support a claim of actual innocence "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that

was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This exception is limited and "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013)(quoting *Schlup*, 513 U.S. at 329).

A claim of actual innocence offered as a "gateway" allows an applicant for habeas corpus to overcome a procedural bar to otherwise defaulted claims of constitutional violations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, such a claim does not establish a "freestanding" or "standalone" ground for habeas corpus relief. *See, e.g., Vreeland v. Zupan*, 906 F.3d 866, 883 n. 6 (10th Cir. 2018)(denying certificate of appealability and stating that freestanding claim of actual innocence does not support habeas corpus relief).

The difficulty with petitioner's claim is that it does not appear that the cell tower records that he identifies as evidence of his actual innocence have ever been developed. In his motion to include or grant leave to exhaust newly discovered evidence (Doc. 14), he states that a blood-covered phone was discovered by the victim's body and taken into evidence by law enforcement, that the lead KBI investigator stated that no calls were made to the phone on the day of the victim's death, and that it later was determined that five calls were made to the phone on that day, which all went unanswered. According to petitioner, the State reported that it unsuccessfully attempted to get the cell tower data, and his counsel also sought the

records from Verizon Wireless but was told they were not available. Therefore, on the present record, the Court cannot find that petitioner has presented new evidence that supports a claim of actual innocence sufficient to excuse procedural default.

Petitioner asks the Court to order an evidentiary hearing and appoint counsel or, in the alternative, grant leave to exhaust his new claim in state court. *Id*. at p. 3. The Court finds that petitioner's request to pursue the production of cell tower records should be presented in the first instance to the state district court, and the Court will dismiss this matter without prejudice to allow him to do so[1].

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion for a status hearing (Doc. 11) is denied.

IT IS FURTHER ORDERED petitioner's motion to include or grant leave to exhaust newly discovered evidence (Doc. 14) is denied without prejudice.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 25th day of September, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] After proper presentation of this matter in the state courts, petitioner may move to reopen this matter.